# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:05-CV-253-FDW**

| | |
|---|---|
| SOUTHSTAR FUNDING, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) **CONSENT ORDER** |
| VICTORIA L. SPROUSE, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on the Consent Motion to Allow Certain Sales and Encumbrances of Assets. The parties having consented, and the Court believing the Consent Motion well-taken, the Court finds as follows:

1. On February 2, 2007, the Court entered an oral order "prohibiting Defendant from conveying interest in real property or the transferring or expenditure of personal proceeds in the excess of $7,000 without the approval of the Court."

2. On April 11, 2007, Plaintiff SouthStar Funding, LLC, ("SouthStar") filed for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. Harry W. Pettigrew was appointed as Chapter 7 trustee in SouthStar's Chapter 7 bankruptcy case and continues to serve in such capacity.

3. On April 12, 2007, Defendant Victoria Sprouse timely filed a Notice of Appeal of the judgment in this action to the U.S. Court of Appeals for the Fourth Circuit.

4. Subject to approval of the Bankruptcy Court, Ms. Sprouse and the SouthStar bankruptcy estate have agreed to settle this action and the appeal of this action, fully and finally, upon tender by Ms. Sprouse of a settlement payment (the "Settlement Payment") to the SouthStar bankruptcy estate

on or before October 31, 2007.

5.     Ms. Sprouse shows that she does not have sufficient liquid assets to fund the settlement payment and will have to sell real estate to effect such funding.

6.     Ms. Sprouse further shows that she also has outstanding tax, mortgage arrearages, and related property expenses due, in excess of $200,000.00, which threaten foreclosure of assets that could be used to satisfy the judgment in this action in the event the settlement payment referenced above is not paid.

IT IS THEREFORE ORDERED:

1.     Defendant Victoria Sprouse may offer for sale and take all steps necessary to effect the sale of the house and land owned by her and others located at 301 Old Mill Road, Waxhaw, NC 28173 (the "Old Mill Property").

2.     After payment of lien holders on the Old Mill Property, taxes due on the Old Mill Property, and all closing-related expenses chargeable to Ms. Sprouse, all remaining proceeds (the "Proceeds") from the sale shall be paid into the trust account of Shumaker, Loop & Kendrick, LLP, without prejudice to the claims of any joint tenant or the Trustee to the Proceeds. The Proceeds are anticipated to exceed the Settlement Payment.

3.     The Proceeds, or any portion thereof, may only be disbursed from trust (1) to tender the settlement payment to the Chapter 7 Estate of SouthStar Funding, LLC, on or before October 31, 2007, or (2) to fund satisfaction or partial satisfaction of the March 23, 2007, judgment in this action; provided, however, that the Proceeds, or some portion thereof, may be disbursed to Ms. Sprouse, to her joint tenant, or at her direction upon (1) full funding of the settlement payment, (2) full satisfaction of the March 23, 2007, judgment in this action, (3) bonding of the March 23, 2007,

judgment in this action in a manner acceptable to the Court, or (4) further Order of the Court.

4. Ms. Sprouse may further encumber a beach house located at 715 Ocean Blvd West in Holden Beach, North Carolina (the "Ocean Property"), and take all steps necessary to effect encumbrance of the Ocean Property, in an amount not to exceed $200,000.00, which funds shall only be used to pay the creditors identified in the motion who have back taxes or mortgage arrearage claims. Should any borrowed funds remain following the payment of lien creditors, the remaining funds shall be joined in trust with the Proceeds, referenced above, and shall be subject to the same disposition restrictions as the Proceeds. To further address concerns that were identified in the Court's prior order, Ms. Sprouse is ordered to provide the Court with a copy of any application submitted for this loan (as well as any other documents relating to this mortgage). Further, Ms. Sprouse will provide her attorneys a copy of any application submitted for this loan (as well as any other documents related to this mortgage), with all such documentation to be held by her attorneys in a sealed envelope to be turned over to the counsel for SouthStar's trustee in the event the settlement is not consummated.

IT IS SO ORDERED.

Signed: September 20, 2007

Frank D. Whitney
United States District Judge