# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:05-cv-00253-FDW**

| | |
|---|---|
| SOUTSTAR FUNDING, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| VICTORIA SPROUSE, | ) |
| Defendant. | ) |

THIS MATTER comes now before the Court upon Defendant's "Motion for Relief from Order of February 2, 2007" (Doc. No. 137). For the reasons state below, Defendant's motion is GRANTED in part and DENIED in part.

On February 2, 2007, after the jury returned a verdict for Plaintiff, the Court entered an oral Order "prohibiting Defendant from conveying interest in real property or the transferring or expenditure of personal proceeds in the excess of $7,000 without the approval of the Court." On March 23, 2007, the Clerk of Court entered Judgement in this case, awarding compensatory damages of $150,000.00; attorneys' fees of $140,000; punitive damages of $450,000; and costs of $6,983.48 for a total Judgment of $746,983.48. On April 11, 2007, Plaintiff filed for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. On November 9, 2007, the Trustee for Plaintiff's estate, Harry W. Pettigrew, and Defendant entered into a Settlement Agreement whereby the amount of the Judgment was written down to $535,000.00, with the Trustee to accept payment of between $335,000.00 and $535,000.00 depending on when the settlement amount is paid. On September 20,

2007, Defendant moved, with the consent of the Trustee, for an order (1) allowing encumbrance of 301 Old Mill Road, Waxhaw, North Carolina, (2) allowing encumbrance of 715 Ocean Blvd West, Holden Beach, North Carolina in an amount not to exceed $200,000.00 for the payment of certain tax and mortgage creditors, and (3) restricting the disposition of the sale proceeds and borrowed funds in a manner designed to protect Plaintiff's bankruptcy estate. The Court granted the motion, making particular note of the Trustee's consent. On April 6, 2008, Defendant filed the motion now under consideration, requesting that the Court lift its oral Order of February 7, 2007, in its entirety. Defendant stated that she owed "substantial legal fees as a result of this action . . . [and] going forward in related proceedings." (Doc. No. 137 at ¶ 5.) Defendant also referenced other "significant debt obligations on several properties, which she has not been able to pay or refinance under the terms of the Court's February 2, 2007, Order." (Id. at ¶ 6.) As to the Trustee and Plaintiff's estate, Defendant opined that the Trustee "is fully protected in the Old Mill Road property," which, according to Defendant, has been appraised at $1,318,000.00, leaving nearly $900,000.00 of equity in the property.

While Defendant contends that the Old Mill Road property is sufficient to satisfy the settlement with the Trustee, this is not necessarily the case. Indeed, the Trustee has opposed Defendant's motion, arguing that "[t]he Old Mill Road property may not be as valuable as she believes." (Doc. No. 138 at ¶ 8.) The Trustee's main argument in opposition to the motion is a clause under paragraph 4 of the Settlement Agreement, according to which the parties agreed that "the Judgment and all rights and remedies associated with it and its recordation shall remain unimpaired and in full force and effect, subject only to the terms of this Agreement." The Court's oral Order, issued after the jury's verdict in this case, is certainly associated with the Judgment in

2

that its purpose is to ensure that the Judgment, and now the settlement, is satisfied. That settlement has not been satisfied, and the Court is of the opinion that the purpose of the oral Order has therefore not yet been served.

The Court does feel, however, that the purpose of the Order may be served by partially granting Defendant's motion. Defendant's motion, and its previous motion made on September 20, 2007, states that Defendant has legitimate financial needs that cannot presently be met. Defendant has asked that the Court lift the oral Order entirely, leaving only the Old Mill Road property for the satisfaction of the settlement with the Trustee. While the Court is inclined to lift its oral Order, it feels that the Trustee must retain adequate protection beyond the reassurance of proceeds from the sale of the Old Mill Road property. Thus, the Court will lift the oral Order, allowing Defendant to encumber or sell her properties as she sees fit, but only under the strict condition that the proceeds from any such sale or encumbrance must first go to the satisfaction of the settlement with the Trustee. Only when that settlement has been satisfied may Defendant use funds from the encumbrance or sale of other properties for her own personal purposes. The Court notes that this strict condition will *not* apply to the property at 715 Ocean Blvd West, Holden Beach, North Carolina, which may under previous Order of the Court be encumbered in an amount not to exceed $200,000.00 for any purpose. The Court believes that this remedy will sufficiently protect the Trustee in that he will have the first disbursement from any sale or encumbrance until the settlement amount is satisfied. Defendant's interests are also served with the reaffirmation that the 715 Ocean Blvd West property may be unconditionally encumbered up to $200,000.00 and any other property may be encumbered or sold without limitation after the settlement with the Trustee has been satisfied.

Accordingly, Defendant's motion is GRANTED in that the oral Order shall be lifted, but DENIED in that the lifting of the Order is not unconditional, but rather is accompanied by the strict condition that all proceeds from any sale or encumbrance, other than the aforementioned encumbrance of the Ocean Blvd West property, must first go to the satisfaction of the settlement.

IT IS SO ORDERED.                    Signed: April 18, 2008

Frank D. Whitney
United States District Judge