# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### DOCKET NO. 3:05-cv-00253-FDW

| | |
|---|---|
| SOUTHSTAR FUNDING, LLC,         ) | |
| )  | |
| Plaintiff,                     ) | |
| )  | ORDER |
| vs.                            ) | |
| )  | |
| VICTORIA SPROUSE,               ) | |
| )  | |
| Defendant.                     ) | |

THIS MATTER comes now before the Court upon Defendant's "Motion for Relief from Order of February 7, 2007" (Doc. No. 141). In her Motion, Defendant once again asks the Court to lift its oral Order of February 7, 2007, which Order prohibits her from conveying any interest in real property in excess of $7,000. Because Defendant's Motion ignores the Court's most recent ruling on this issue, which detailed her options and the specific condition for the relief she sought, the Motion is DENIED.

As an initial matter, it appears that the Motion may be moot. Defendant states that the property she is concerned with, 3125 Springbank Lane, Charlotte, North Carolina, was scheduled for foreclosure on May 15, 2008. However, Defendant did not properly file her Motion until May 29, 2008. Thus, it is unclear whether the relief Defendant seeks is still available.

To the extent that Defendant's Motion is not moot, it nevertheless fails to address the Court's most recent Order on this issue, filed on April 18, 2008 (Doc. No. 139). In that Order, the Court granted, in part, Defendant's previous motion for relief from its oral Order, provided that a certain

condition was met. Because Defendant has not addressed this condition, the Court feels that it must now reiterate what it there stated:

> [T]he Court will lift the oral Order, allowing Defendant to encumber or sell her properties as she sees fit, but only under the strict condition that the proceeds from any such sale or encumbrance must first go to the satisfaction of the settlement with the Trustee. Only when that settlement has been satisfied may Defendant use funds from the encumbrance or sale of other properties for her own personal purposes. The Court notes that this strict condition will *not* apply to the property at 715 Ocean Blvd West, Holden Beach, North Carolina, which may under previous Order of the Court be encumbered in an amount not to exceed $200,000.00 for any purpose. The Court believes that this remedy will sufficiently protect the Trustee in that he will have the first disbursement from any sale or encumbrance until the settlement amount is satisfied. Defendant's interests are also served with the reaffirmation that the 715 Ocean Blvd West property may be unconditionally encumbered up to $200,000.00 and any other property may be encumbered or sold without limitation after the settlement with the Trustee has been satisfied.

The reasons for this condition remain relevant, and it must therefore remain in force. Defendant, however, is not without options. Despite her inability to sell the Old Mill Road property, Defendant may encumber the Ocean Blvd West property up to $200,000. In addition, Defendant may sell whatever property she wishes; indeed, she may liquidate all of her real estate holdings, **provided that the proceeds from any such sale first satisfy her settlement with the Bankruptcy Trustee**. It is unclear whether Defendant is unwilling or unable to follow this condition, or if she simply does not understand it; her Motion is completely silent as to the Court's Order of April 18, 2008. Regardless, the Court is of the continued opinion that the condition remains appropriate.

Accordingly, Defendant's Motion is DENIED.

IT IS SO ORDERED.                    Signed: June 2, 2008

*Frank D. Whitney*
Frank D. Whitney
United States District Judge